FELIX RODGERIS V. THE STATE.

No. 10802.  Delivered March 7, 1928.

**Possessing Intoxicating Liquor — Affidavit for Search Warrant — Not Sufficient.**

Where the affidavit for the warrant to search appellant's residence was based upon an affidavit in which there was set forth no fact or circumstance as ground for the belief upon which the search warrant might be issued, evidence secured by a search under such warrant was not admissible against appellant upon his trial.

Appeal from the District Court of Taylor County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty three years in the penitentiary.

The opinion states the case.

*Kirby, King & Overshiner* of Abilene, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the possession of intoxicating liquor for the purpose of sale, punishment fixed at confinement in the penitentiary for a period of three years.

A search of the appellant's house resulted in the discovery of about three pints of whiskey. The appellant's wife was

endeavoring to mix it with dish water. Appellant introduced no testimony, and the only evidence in the record is that coming from the officers who searched the premises.

There are several bills of exceptions, but only one may be noticed. Therefrom it appears that the search warrant upon which the officers who searched the premises acted, was based upon an affidavit in which there was set forth no fact or circumstance as ground for the belief upon which the search warrant sought might be issued. Objection having been urged to the testimony showing the result of the search, the testimony should not have been received.

There being no testimony save that mentioned as a predicate for the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*